IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANDREW PHILLIP BAILEY                                                                                    PLAINTIFF

v.                                            Civil No.  2:20-cv-02233

SHERIFF RON BROWN                                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

Plaintiff filed his original Complaint on December 11, 2020.  (ECF No. 1).  Also on December 11, 2020, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 3).  In addition, the Court's Order terminated the Crawford County Detention Center, the Medical Staff, and the Tiger Commissary as Defendants to this action.  (ECF No. 3).  Crawford County Sheriff Ron Brown remains a Defendant to this action.  (ECF No. 1, 3).  Brown is being sued in both his official and personal capacities.  (ECF No. 1).

According to his Complaint, Plaintiff is currently in the Crawford County Detention Center due to an "ADC Parole violation revocation."  (ECF No. 1 at 3).  In Plaintiff's first claim he states: "I am being billed for medical at $50 a visit while I am ADC committed and they should be billing ADC."  (ECF No. 1 at 4).  Plaintiff notes the "date of occurrence" as "4/29/2017 5/24/2017."  *Id*.  Plaintiff states "it's ADC [r]esponsibility to pay for these medical cost & not mine."  *Id*.  In

Plaintiff's second claim he states "[b]eing billed by Crawford County Detention Center / Tiger Commissary for indigent state issuance." (ECF No. 1 at 5). Plaintiff lists several dates in 2017 as the "date of the occurrence" and states "I still have a bill from 2017 to where they are taking a percentage of my money due to the county billing me for being indigent." (ECF No. 1 at 5). Plaintiff further states "[m]yself being indigent and being billed for it. Now every time money is deposited on my account they are taking a percentage of it therefore that's stealing money from me, cause, I still have a bill due to being charged for indigent supplies." (ECF No. 1 at 6).

Plaintiff seeks compensatory and punitive damages: "$5,000 due to the time & efforts and a fine for the misconduct of their abuse of power & to be paid back any and all of the amounts they have taken from me & to compensate all fees on my part due to their misconduct of me having to file this lawsuit." (ECF No. 1 at 6).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff's Complaint fails to state a cognizable claim. In Plaintiff's first claim, he contends he was wrongfully billed for medical expenses. He claims that the medical expenses should have been billed to the Arkansas Department of Corrections instead since "its ADC [r]esponsibility to pay for these medical cost & not mine." (ECF No. 1 at 4). In his second claim, he claims he was billed for indigent commissary expenses. (ECF No. 1). There is no constitutional right to commissary items at no cost. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996). Further, although prison officials are under a constitutional duty to provide medical treatment to a prisoner when needed, it is constitutionally permissible for a detention center to charge a detainee the cost of medical care. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999); *cf. Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (no basis for due process claim where deductions from prisoner accounts were assessments for value received); *Beck v. Richards*, Case No. 4:16-CV-00495 KGB, 2017 WL 3326969, at *5 (E.D. Ark. Aug. 3, 2017) (no violation of inmate's constitutional rights to present him with the bill for his treatment at the county hospital emergency room).

In *Garcia v. Lappin*, No. 06-C-94-C, 2006 WL 897857, *3 (W.D. Wis. Apr. 4, 2006), the court aptly stated:

> Nothing in the Eighth Amendment requires the government to provide at no cost a commodity that would not be free outside the prison and that the inmate has the legal means to purchase. If a prison official withholds necessary medical care from an inmate with a serious medical need who cannot afford to pay, the official's action would violate the inmate's constitutional rights, but insisting that an inmate with sufficient funds to pay for his own medical care is neither deliberate indifference nor punishment.

*Id*. at *10.

Here, Plaintiff does not allege that he was denied medical care. Instead, he challenges the fact that he is being asked to pay for the medical care and commissary items he received. This does not state a claim of constitutional dimension. If the Plaintiff believes that money was improperly deducted from his account, he can seek relief through state law remedies such as an action in replevin or conversion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 11th day of January 2021.

                                                /s/ *P. K. Holmes, III*
                                                HON. P. K. HOLMES, III
                                                UNITED STATES DISTRICT JUDGE